IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SOVEREIGN PEAK VENTURES, LLC, | § § § | |
| Plaintiff, | § § | Case No. 6:23-cv-759 |
| v. | § § | JURY TRIAL DEMANDED |
| HMD GLOBAL and HMD GLOBAL OY, | § § § | |
| Defendant. | § | |

**MOTION TO TRANSFER BY DEFENDANT HMD GLOBAL OY
UNDER 28 U.S.C. § 1404 TO THE SOUTHERN DISTRICT OF FLORIDA**

**TABLE OF CONTENTS**

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    HMD Global Oy is a Finnish Corporation With No Connection to This District . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    B.    Sovereign Peak has No Ties to the Western District of Texas . . . . . . . . . . . . . . . . 2

    C.    Key Non-Party Witnesses are Located in Miami, Florida . . . . . . . . . . . . . . . . . . . 2

        1.    Non-Party HMD America Maintains its Headquarters in Miami, Florida . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        2.    Other Non-Party Witnesses and Evidence are Located in Miami, Florida . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    D.    Remaining Non-Party Witnesses Reside Outside This District . . . . . . . . . . . . . . . 4

        1.    The Inventors of the Asserted Patents are Located in Japan . . . . . . . . . . . 4

        2.    Patent Prosecution Counsel Resides Outside this District . . . . . . . . . . . . 4

    E.    Party Witnesses and Documents Relevant to the Development or Marketing of the Accused Products Reside Outside This District . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.    Sovereign Peak Could Have Brought This Action in the Southern District of Florida . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    B.    The Southern District of Florida is a More Convenient Venue Than This District . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    C.    The Private Interest Factors Favor Transfer to the Southern District of Florida . . 6

        1.    Access to Sources of Proof is Relatively Easier in The Southern District Of Florida, Where Relevant Documents and Witnesses Are Located, Than This District, Where None Are Located . . . . . . . . . . . . . . . 6

            a.    Sovereign Peak's Allegations Confirm the Relevance of Evidence and Witnesses Located in Miami. . . . . . . . . . . . . . . . . 7

            b.    The Southern District of Florida Has Easiest Access to Relevant Sources of Proof . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        2.    The Southern District Can Compel Unwilling Witnesses . . . . . . . . . . . . 9

        3.    The Southern District of Florida is Most Convenient and Cost Effective For Relevant Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

|   |   | 4. | No Practical Problems Weigh Against Transfer . . . . . . . . . . . . . . . . . . . | 12 |
|   | D. | | The Public Interest Factors Also Favor Transfer to the Southern District of Florida . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12 |
|   |   | 1. | Relative Court Congestion is Neutral . . . . . . . . . . . . . . . . . . . . . . . . . . . | 12 |
|   |   | 2. | This Dispute is Local to the Southern District of Florida . . . . . . . . . . . . .13 |
|   |   | 3. | The Remaining Public Interest Factors Are Neutral . . . . . . . . . . . . . . . . | 13 |

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**TABLE OF AUTHORITIES**

Cases                                                                                                                                                                    Pages

*ADS Sec. L.P. v. Advanced Detection Sec. Servs., Inc.*,
   No. 9-773, 2010 WL 1170976 (W.D. Tex. Mar. 23, 2010) ............................11

*Barnes v. Tumlinson*,
   597 F. App'x 798, 799 (5th Cir. 2015) ...................................................... 7

*ContentGuard Holdings, Inc. v. Google, Inc.*,
   No. 14-61, 2014 WL 12771431 (E.D. Tex. Apr. 16, 2014) ........................... 12

*Dodots Licensing Sols. LLC v. Apple Inc.*,
   No. 22-00533, 2023 WL 4980561 (W.D. Tex. Aug. 3, 2023) ..................... 12, 13

*In re Apple*,
   581 F. App'x 886, 889 (Fed. Cir. 2014) ................................................ 9, 10

*In re Clarke*,
   94 F.4th 502, 514 (5th Cir. 2024) .............................................................. 10

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009) ........................................................ 6, 7, 10

*In re Google LLC.*,
   58 F.4th 1379 (Fed. Cir. 2023) ............................................................ 12, 13

*In re Google Inc.*,
   No. 2017-107, 2017 WL 977038 (Fed. Cir. Feb. 23, 2017) ........................... 10

*In re Honeywell Int'l Inc.*,
   No. 2023-152, 2024 WL 302397 (Fed. Cir. Jan. 26, 2024) ..................... 7, 13, 14

*In re HP Inc.*,
   826 F. App'x 899 (Fed. Cir. 2020) ........................................................... 6, 9

*In re Nintendo Co., Ltd.*,
   589 F.3d 1194 (Fed. Cir. 2009) .................................................................. 6

*In re Radmax, Ltd.*,
   720 F.3d 285 (5th Cir. 2013) ...................................................................... 9

*In re Samsung Elecs. Co., Ltd.*,
   No. 2023-146, 2023 WL 8642711 (Fed. Cir. Dec. 14, 2023) ..................... 12, 14

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) ................................................................ 6, 12

*In re TikTok, Inc.*,
   85 F.4th 352 (5th Cir. 2023) ............................................... 7, 8, 10, 11, 12

*In re Toyota Motor Corp.*,
   747 F.3d 1338 (Fed. Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Intell. Ventures I LLC v. T-Mobile USA, Inc.*,
   No. 2-17-577, 2018 WL 4175934 (E.D. Tex. June 29, 2018) . . . . . . . . . . . . . . . . . 6, 11, 13, 14

*Seven Networks, LLC v. Google LLC*,
   No. 17-441, 2018 WL 4026760 (E.D. Tex. Aug. 15, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Silent Commc'n, LLC v. Adobe Inc.*,
   No. 22-527, 2023 WL 4167753 (W.D. Tex. June 22, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Smart Mobile Techs. LLC v. Apple Inc.*,
   No. 21-603, 2023 WL 5540152 (W.D. Tex. Aug. 28, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*SVV Tech. Innovations, Inc. v. Micro-Star Int'l Co.*,
   No. 22-511, 2023 WL 2775166 (W.D. Tex. Apr. 4, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . 13


Statutes

28 U.S.C. § 1391(c)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

28 U.S.C. § 1404(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1


Other Authorities

*Combined Civil and Criminal Federal Court Management Statistics*, 2 S.D. Fla. (2023)
   Administrative Office, U.S. District Courts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Defendant HMD Global Oy moves under 28 U.S.C. § 1404 to transfer this case to the Southern District of Florida.

## INTRODUCTION

This action has no relationship to this District. The plaintiff exists—if at all—in the Eastern, not the Western, District of Texas. The defendant is a Helsinki-based device manufacturer with its base of U.S. operations in Miami, Florida. Those Florida-based operations include the conduct forming the basis of Sovereign Peak's allegations: the importation, distribution, sales, and marketing of the accused devices in the United States. The Court faces a straightforward measuring of scales: *zero* evidence or information in this District, weighed against significant evidence and witnesses in Miami. Each and every factor either favors transfer or is neutral, and the Court should accordingly transfer this action to the Southern District of Florida.

## BACKGROUND

**A.  HMD Global Oy is a Finnish Corporation With No Connection to This District**

On November 9, 2023, plaintiff Sovereign Peak Ventures LLC ("Sovereign Peak") filed its complaint, naming HMD Global Oy ("HMD Global") as a defendant. Sovereign Peak alleges that "Defendant HMD Global Oy is a company organized and existing under the laws of Finland, with its principal place of business located at Bertel Jungin aukio 9, 02600, Espoo, Finland." Compl. ¶ 4. The complaint does not allege that HMD Global has a place of business in this District or anywhere else in the United States. *Id.*

HMD Global is indeed a Finnish company with headquarters in Espoo, Finland. Ex. A. HMD Global has no offices or employees in this District. Declaration of Sergio Serafin ("Serafin Decl.") ¶ 10. Since 2016, HMD Global has developed, marketed, and sold Nokia-branded mobile devices across the globe. *Id.* ¶ 4. Some of HMD Global's devices are

– 1 –

offered for sale in the United States, through mobile carriers such as Verizon, Tracfone, and T-Mobile, and through retailers such as Amazon and Best Buy. *Id.* ¶ 7. Not surprisingly, all of these sales pass through distributors. *Id.* ¶ 10. Although much less common, consumers can also purchase devices by visiting the HMD Global website. *Id.* ¶ 8. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ HMD Global's U.S. business—including the accused importation and sale of devices—as well as its relationships with distributors and carriers, marketing of Nokia-branded devices, and U.S.-related financial and sales reporting, are centered in Miami, Florida, where HMD America is headquartered.

**B.      Sovereign Peak has No Ties to the Western District of Texas**

Sovereign Peak alleges no ties to this District. The complaint alleges the plaintiff is a Texas limited liability company with a "principal place of business in Allen, Texas." Compl. ¶ 1. Allen, Texas, is located in Collin County, within the Eastern District of Texas. Ex. B. Sovereign Peak's registered office address is 812 W. McDermott Drive, No. 1069, Allen, Texas. Ex. C. A Google search for this address returns a Staples office supply store. Ex. D.



Sovereign Peak appears to have no employees, let alone employees within this District, and its parent corporation is also located outside this District. *See* Docket No. 4 & Ex. E.

**C.      Key Non-Party Witnesses are Located in Miami, Florida**

**1.      Non-Party HMD America Maintains its Headquarters in Miami, Florida**

Like many international companies, HMD Global relies upon regional subsidiaries to transact business at a local level. Non-Party HMD America handles HMD Global's business in

the United States.  Serafin Decl. ¶ 8.  HMD America has its headquarters at 1200 Brickell Avenue, Suite 510, Miami, Florida.  █████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████

Relevant documents and witnesses concerning the accused importation, sale, and marketing of the accused devices are in Miami.  Declaration of Jacqueline Kates ("Kates Decl.") ¶¶ 10-12.  ████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████  By contrast, not a single relevant document or witness is located in this District.  *Id.* ¶¶ 12-13; Kates Decl. ¶ 10; *supra* Background §§ A-B.

**2.      Other Non-Party Witnesses and Evidence are Located in Miami, Florida**

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

– 3 –

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

Documents and custodians of relevant information regarding import, sale, and distribution of the accused devices are accordingly located in Miami.  Serafin Decl. ¶¶ 8, 11-14.

HMD Global's U.S. carrier and retailer companies also routinely conduct business with HMD Global—through HMD America or otherwise—in Miami.  For example, Tracfone Wireless maintains its headquarters in Miami, ██████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████

### D. Remaining Non-Party Witnesses Reside Outside This District

#### 1. The Inventors of the Asserted Patents are Located in Japan

According to the United States Patent and Trademark Office, Panasonic—a Japanese company headquartered in Japan—assigned the accused patents to plaintiff Sovereign Peak in 2018 and 2019.  Exs. G, H, I.  The majority of the named inventors reside overseas; none reside in this District.  Ex. J.

#### 2. Patent Prosecution Counsel Resides Outside this District

The patent prosecuting attorneys of record for all asserted patents work at the law firm Ascenda Law Group, PC, in San Jose, California, and also do not reside in this District.  Ex. K.

E.     **Party Witnesses and Documents Relevant to the Development or Marketing of the Accused Products Reside Outside This District**

The complaint accuses mobile device models Nokia 3V, 4.2, 3.1A, 3.1C, 3.1 Plus, C300, G400, XR21, and 2V with Wi-Fi Direct functionality of infringing the '871, '441, and '144 patents, *see* Compl. ¶¶ 20, 29, 37, and plaintiff's infringement contentions additionally accuse Nokia 7.2, 7.1, 6.1, and Nokia 9 PureView of infringing the '871, '441, and '144 patents. Declaration of Francesca Germinario ("Germinario Decl.") ¶ 2.  The complaint also accuses "wireless charging" functionality of the Nokia Pureview 9 of infringing the '282 and '913 patents, s*ee* Compl. ¶¶ 47 & 60, and plaintiff's contentions additionally accuse the Nokia XR20 and Nokia 8 Sirocco of infringing the '282 and '913 patents.  Germinario Decl. ¶ 2.

None of the accused technology has any relationship to this District.  HMD Global did not develop any of the accused devices or functionalities in this District.  *See* Declaration of Dr. Reza Serafat ("Serafat Decl.") ¶ 3.  HMD Global witnesses concerning design and development of the accused devices live and work in Europe.  *Id.* ¶ 4.  No HMD Global engineers work or reside in this District.  *Id.*  Employees responsible for distribution, marketing, and maintenance of the accused devices work for HMD America in Miami; none work in this District.  *See* Serafin Decl. ¶ 12.

## ARGUMENT

The Court faces a simple weighing of the private and public interest factors in this action. Sovereign Peak's complaint confirms that neither it nor defendant HMD Global has any ties to this District, and that no relevant witnesses or evidence are located here.  On the other hand, substantial relevant evidence exists in Miami, HMD Global's base of U.S. operations.  "[I]n a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a

motion to transfer." *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009) (collecting cases).

**A.     Sovereign Peak Could Have Brought This Action in the Southern District of Florida**

As Sovereign Peak acknowledges in its complaint, "HMD Global Oy is a foreign entit[y]" and may be sued in any judicial district under 28 U.S.C. § 1391(c)(3). Compl. ¶ 9. Sovereign Peak thus could have brought this action in the Southern District of Florida.

**B.     The Southern District of Florida is a More Convenient Venue Than This District**

"Fifth Circuit law requires that when a movant clearly demonstrates that a transfer is for the convenience of parties and witnesses, and in the interest of justice, the district court should grant transfer." *In re HP Inc.*, 826 F. App'x 899, 901 (Fed. Cir. 2020) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008)) (alterations and internal quotation marks omitted); *see also In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009). This Court routinely considers the private and public interest factors; in this case, each factor either strongly favors transfer, or is neutral.

**C.     The Private Interest Factors Favor Transfer to the Southern District of Florida**

Courts consider the following private interest factors in determining whether transfer is appropriate for the convenience of parties and witnesses: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Intell. Ventures I LLC v. T-Mobile USA, Inc.*, No. 17-577, 2018 WL 4175934, at *1 (E.D. Tex. June 29, 2018); *In re Nintendo Co., Ltd.*, 589 F.3d at 1198.

1. **Access to Sources of Proof is Clearly Easier in The Southern District of Florida, Where Relevant Documents and Witnesses Are Located, Than This District, Where None Are Located**

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech*, 566 F.3d at 1345. This factor favors transfer when the "[c]ustodians of relevant records" are located in the transferee forum. *In re Honeywell Int'l Inc.*, No. 2023-152, 2024 WL 302397, at *2 (Fed. Cir. Jan. 26, 2024); *see also In re TikTok, Inc.*, 85 F.4th 352, 360 (5th Cir. 2023).

   a. **Sovereign Peak's Allegations Confirm the Relevance of Evidence and Witnesses Located in Miami**

SPV's complaint identifies facts it regards as relevant to this action. *See Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir. 2015). These facts serve to confirm that, according to Sovereign Peak, substantial party and non-party evidence relevant to this action is located in the Southern District of Florida. For example, Sovereign Peak alleges that HMD Global commits infringement by way of two HMD Global "authorized sellers," Best Buy and T-Mobile. Compl. ¶ 6. Evidence concerning these retailer relationships, including evidence and witnesses with knowledge of importation, sales, and marketing, are located in Miami, Florida. Serafin Decl. ¶¶ 8-9, 11-13.

Sovereign Peak's complaint also alleges that HMD Global transacts business in the United States through contracts with TracFone Wireless, DISH Wireless, Consumer Cellular, T-Mobile, and Metro by T-Mobile. Compl. ¶ 11. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

████ Elsewhere, Sovereign Peak cites alleged "targeting residents of Texas and this district"

– 7 –

by marketing or promoting the accused devices.  See Compl. ¶ 11.  ████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████

Finally, Sovereign Peak alleges that HMD Global's FCC filings provide evidence of alleged infringement.  Compl. ¶ 12.  These filings further confirm HMD America's role in the accused importation, sales, and marketing of the accused devices in the United States:  the same FCC filings identify HMD America as HMD Global's U.S. agent.  Compl. ¶ 12; Ex. L.

### b. The Southern District of Florida Has Easiest Access to Relevant Sources of Proof

There is no "evidence showing that any employee in the Western District of Texas possesses proof relevant to this case." *In re TikTok, Inc.*, 85 F.4th at 360; *see also Smart Mobile Techs. LLC v. Apple Inc.*, No. 21-603, 2023 WL 5540152, at *7 (W.D. Tex. Aug. 28, 2023).  This is no surprise, as there are no relevant sources of proof in this District.  *See supra* Background §§ A-E.  Neither the accused mobile devices (Compl. ¶¶ 20, 29, 37, 47, 60), the accused wireless communication features (Compl. ¶¶ 20, 29, 37), nor the accused wireless charging features (Compl. ¶¶ 47 & 60) were developed in this District, and no documents or witnesses concerning the accused devices are located in this District.  Kates Decl. ¶¶ 7, 10; Serafat Decl. ¶¶ 3-4. Documents and witnesses concerning sales and marketing of the accused devices, as well as their importation and distribution in the United States, are located in Miami.  *See* Kates Decl. ¶ 10.

"There are no employees in the Western District of Texas who can access the source code," and "[t]he only way it can be accessed there is if out-of-district individuals travel into the district, 'bringing' the electronic evidence with them."  *In re TikTok, Inc.*, 85 F.4th at 359.  As "the question under the first factor is '*relative* ease of access, not *absolute* ease of access,'" here "it is relatively easier to access to the source code" in the transferee forum in the Southern

– 8 –

District of Florida—where HMD America has its headquarters—"than it is in the Western District of Texas, where the source code can be accessed only by bringing far-flung individuals into the district." *Id.* (citing *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013)).

Neither any documents at Sovereign Peak's offices in the Eastern District of Texas, nor documents HMD Global maintains in Finland, are relevant to this analysis. *In re HP Inc.*, 826 F. App'x 899, 902 (Fed. Cir. 2020) ("comparison between the transferor and transferee forums is not altered by the presence of other witnesses and documents in places outside both forums."); *see also In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014). As this Court has recently found, because relevant "physical and electronic evidence is located or maintained in or near the [transferee forum] and no evidence is located or maintained in or near the WDTX," "this factor weighs in favor of transfer." *Silent Commc'n, LLC v. Adobe Inc.*, No. 22-527, 2023 WL 4167753, at *4 (W.D. Tex. June 22, 2023).

### 2. The Southern District of Florida Can Compel Unwilling Witnesses

Plaintiff Sovereign Peak chose to sue HMD Global and not HMD America, which renders HMD America witnesses non-party witnesses under this factor. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ HMD Global is unaware of any non-party witnesses within this District's subpoena power, but the Southern District of Florida could compel both deposition and trial testimony from non-party witnesses. This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple*, 581 F. App'x 886, 889 (Fed. Cir. 2014). This factor accordingly favors transfer.

– 9 –

3.  **The Southern District of Florida is Most Convenient and Cost Effective for Relevant Witnesses**

"The convenience of the witnesses is probably the single most important factor in a transfer analysis." *In re Google Inc.*, No. 2017-107, 2017 WL 977038, at *3 (Fed. Cir. Feb. 23, 2017) (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009)). The Fifth Circuit "assesses convenience as a function of distance. We begin by determining whether the transferee venue is more than one hundred miles from the transferor. Where that is so, the factor of inconvenience borne by witnesses positively and linearly scales with the additional distance they must travel." *In re Clarke*, 94 F.4th 502, 514 (5th Cir. 2024) (citing *In re TikTok, Inc.*, 85 F.4th 352, 361–62 & nn.8-9 (5th Cir. 2023)). This "factor will weigh heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple, Inc.*, 581 F. App'x at 889 (citing *In re Genentech, Inc.*, 566 F.3d at 1345).

Because the plaintiff has no business in this District, no relevant witnesses—party or otherwise—are located in this District. *See supra* Background § B. Multiple relevant non-party witnesses are located in Miami, Florida. ██████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████████ ████████████████████████ The Southern District of Florida is far more convenient for non-party HMD America witnesses who live and work in Miami, and who

– 10 –

would otherwise be forced to travel over 1,300 miles to testify in the Western District of Texas. Kates Decl. ¶ 12; Serafin Decl. ¶ 14.

HMD Global witnesses concerning HMD Global's design and development of the accused devices live and work in Europe.  Serafat Decl. ¶ 4.  Although the convenience of party witnesses is less significant, *Intell. Ventures I LLC v. T-Mobile USA, Inc.*, No. 17-577, 2018 WL 4175934, at *4 (E.D. Tex. June 29, 2018) (citing *ADS Sec. L.P. v. Advanced Detection Sec. Servs., Inc.*, No. 9-773, 2010 WL 1170976, at *4 (W.D. Tex. Mar. 23, 2010)), the Southern District of Florida is closer even for Finnish party witnesses:  foreign party witnesses would have to travel for less time, and to a destination where they routinely conduct their business, unlike this District.  Serafat Decl. ¶ 5.

The Fifth Circuit considered this analysis, on similar facts involving foreign witnesses, just last year.  *In re TikTok, Inc.*, 85 F.4th 352, 361-62 (5th Cir. 2023).  The district court found "this factor was neutral primarily because 'the key witnesses and the employee at the heart of the misappropriation claim are in China'" and would have to travel a long distance to either potential district. *Id.* at 361.  The Fifth Circuit rejected this conclusion, finding "[t]hat conclusion ignores our 100-mile test." *Id.*  Under the Fifth Circuit's 100-mile rule, if the distance from the transferor to the transferee forums is more than 100 miles, "the factor of inconvenience to the witnesses increases in direct relationship to the additional distance to be traveled." *Id*.  As the "bulk of relevant witnesses [are] in China[,] it is indisputable that the Northern District of California is clearly more convenient for these witnesses than the Western District of Texas"; California is much closer to China than Texas.  *Id.*  Likewise, the inquiry here regarding HMD Global's witnesses must "recogni[ze] that 'the bulk of relevant witnesses'" are either in the transferee forum or abroad in Europe.  *Id*. at 362.  Just as China is far closer to the West Coast than this District, the Southern District of Florida "is a clearly more convenient venue for most

relevant witnesses in this case" than the Western District of Texas as the additional distance from either Florida or Finland "means additional travel time" and time "witnesses must be away from their regular employment." 85 F.4th at 361-62; *accord In re Samsung Elecs. Co., Ltd.,* No. 2023-146, 2023 WL 8642711, at *2 (Fed. Cir. Dec. 14, 2023) (applying *In re TikTok*). This factor thus favors transfer.

### 4. No Practical Problems Weigh Against Transfer

This motion comes before the Court early in this action, prior to any substantive discovery, dispositive motions, and *Markman*. *See In re TikTok, Inc.*, 85 F.4th 352, 362 (5th Cir. 2023). There exist no "duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer." *ContentGuard Holdings, Inc. v. Google, Inc.*, No. 14-61, 2014 WL 12771431, at *5 (E.D. Tex. Apr. 16, 2014) (internal quotation marks and citation omitted). This factor is thus neutral.

## D. The Public Interest Factors Also Favor Transfer to the Southern District of Florida

"The public interest factors include: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law.'" *Dodots Licensing Sols. LLC v. Apple Inc.*, No. 22-533, 2023 WL 4980561, at *2, at *11 (W.D. Tex. Aug. 3, 2023); *see also In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008)). One factor favors transfer; the other three are neutral.

### 1. Relative Court Congestion is Neutral

Where the plaintiff "is not engaged in product competition in the marketplace and is not threatened in the market," it is "a clear abuse of discretion to accord this factor any weight." *In*

re *Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023).[1]  There is no dispute here that Sovereign Peak does not participate in the market; thus, "this factor is neutral because [plaintiff] is not engaged in product competition in the marketplace." *Dodots Licensing Sols. LLC v. Apple Inc.*, No. 22-533, 2023 WL 4980561, at *11 (W.D. Tex. Aug. 3, 2023).

### 2. This Dispute is Local to the Southern District of Florida

A district court "has a local interest in the disposition of any case involving a resident corporate party." *Intell. Ventures I LLC v. T-Mobile USA, Inc.*, No. 17-577, 2018 WL 4175934, at *9 (E.D. Tex. June 29, 2018).  Here, that district court is the Southern District of Florida, home to HMD America, a Florida corporation with its headquarters in Miami.  Serafin Decl. ¶ 5.  If, as SPV alleges, HMD Global's importation, sales, marketing, and promotion of the accused devices are infringing, the corporate party involved in this alleged conduct is in Miami.  The local interest in this case is also in Miami.

By contrast, this dispute has no relationship whatsoever to the Western District of Texas. *See supra* Background §§ A-E.  "[T]his factor still clearly favors transfer, as the Western District of Texas has no meaningful connection to the events that gave rise to this infringement suit." *In re Honeywell Int'l Inc.*, No. 2023-152, 2024 WL 302397, at *2 (Fed. Cir. Jan. 26, 2024).

### 3. The Remaining Public Interest Factors are Neutral

As this Court has recognized in previous infringement cases, there are no conflict-of-law issues, and both courts are equally familiar with patent law.  *See, e.g.*, *Dodots Licensing Sols.*

---

[1] Even if the Court did consider the Civil Statistical Tables For The Federal Judiciary comparing times to trial, this factor would be neutral.  This Court has noted that "[r]ecent statistics show that this Court has been able to bring patent cases to trial within two years," *SVV Tech. Innovations, Inc. v. Micro-Star Int'l Co.*, No. 22-511, 2023 WL 2775166, at *9 (W.D. Tex. Apr. 4, 2023), and the Southern District of Florida takes on average 23.1 months from filing to trial.  Ex. M, Administrative Office, United States Courts, U.S. District Courts, Combined Civil and Criminal Federal Court Management Statistics, S.D. Fla. (2023).

*LLC v. Apple Inc.*, No. 22-533, 2023 WL 4980561, at *12 (W.D. Tex. Aug. 3, 2023); *Seven Networks, LLC v. Google LLC*, No. 17-441, 2018 WL 4026760, at *14 (E.D. Tex. Aug. 15, 2018); *Intell. Ventures I LLC*, No. 17-577, 2018 WL 4175934, at *9.  Thus, the remaining public interest factors are neutral.

## CONCLUSION

"[T]he record here makes clear that the only connection between this case and the Western District of Texas is that it appears that [the plaintiff] prefers to file its suits there." *In re Honeywell Int'l Inc.*, 2024 WL 302397, at *2.  "Because several factors favor [the transferee forum] and 'not a single relevant factor favors [plaintiff's] chosen venue,'" the Court should grant this motion and transfer the matter to the Southern District of Florida. *In re Samsung Elecs. Co., Ltd.*, No. 2023-146, 2023 WL 8642711, at *3 (Fed. Cir. Dec. 14, 2023).

Date:   March 28, 2024                                      Respectfully submitted,

 /s/ *Valerie Barker*
Brian Banner (Texas Bar No. 24059416)
Valerie Barker (Texas Bar No. 24087141)
SLAYDEN GRUBERT BEARD PLLC
401 Congress Ave., Suite 1650
Austin, Texas 78701
+1 (512) 402-3569
+1 (512) 402-6865 facsimile

Matthew S. Warren (California Bar No. 230565)
Erika H. Warren (California Bar No. 295570)
Francesca M. S. Germinario
(California Bar No. 326208)
WARREN KASH WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
23-759@cases.warrenlex.com

*Attorneys for HMD Global Oy*

## **CERTIFICATE OF CONFERENCE**

I certify that on Wednesday, March 20, 2024, under Local Rule CV-7(g), the parties met and conferred in a good faith attempt to resolve the matter by agreement. Plaintiff requested, and defendant agreed to provide, additional information concerning this motion by email. Defendant provided that additional information on Thursday, March 21, requesting plaintiff's position by Monday, March 25. On Tuesday, March 26, defendant again contacted the plaintiff to request its position on this motion, but plaintiff refused to provide a position. Accordingly, this motion is opposed.

*Francesca Germinario*
Francesca Germinario

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2024, the foregoing, which was filed under seal with the Clerk of Court using the CM/ECF system, was subsequently served on all counsel of record by electronic mail.

*/s/ Valerie Barker*
Valerie Barker